---

In re ROMM.

(District Court, D. Massachusetts. August 14, 1916.)

No. 22136.

BANKRUPTCY ⬤⇒317—PROVABLE CLAIMS—PRIORITY.

Costs made on a writ of attachment against a bankrupt prior to the bankruptcy proceedings are provable, and entitled to preference, although the writ was not entered, but was released after such proceedings, where such costs would have been provable and privileged under the state insolvency law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 493–495; Dec. Dig. ⬤⇒317.]

In Bankruptcy. In the matter of Alexander Romm, alleged bankrupt. On review of order of referee. Affirmed.

Horblit & Wasserman, of Boston, Mass., for alleged bankrupt.
James W. Murdock, of Brockton, Mass., pro se.

MORTON, District Judge. The costs here in question accrued on a superior court writ against the alleged bankrupt which was issued and served before the filing of the petition. Before the return day of the writ arrived, these bankruptcy proceedings had been instituted, and the offer in composition had been made. The writ was not entered. There has been no adjudication. Property was attached under the writ as belonging to the defendant therein, and a considerable part of the costs here claimed arose in connection with that attachment, which later was voluntarily released on the appointment of receivers by this court. It is contended by the alleged bankrupt that the property attached did not in fact belong to him and that the attachment was invalid. But that issue seems to me, as apparently it did to the referee, to be immaterial to the present question.

It is further contended by the alleged bankrupt that, by reason of the nonentry of the writ, the plaintiff is not entitled to prove the costs on it. If the plaintiff had entered the writ, he could clearly have proved his costs, if his claim was allowed, and they would be entitled to priority. It would seem unfortunate for the law to require him, in order to obtain his costs to the beginning of the bankruptcy proceedings, to pile up further costs by entering the writ. Under the state insolvency law such action would not be required; costs up to the institution of such proceedings are provable and privileged. Rev. Laws Mass. c. 163, § 174; section 118, cl. 7. Under the Bankruptcy Act a debt which has priority under the state laws is a preferred claim. Act July 1, 1898, c. 541, § 64b (5), 30 Stat. 563 (Comp. St. 1913, § 9648).

The order of Referee Stetson, allowing the claims as entitled to priority, was right, and is affirmed.